UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY PETERSON,

       Plaintiff,                            No. 12-11460
                                             HON. MARK A. GOLDSMITH
vs.

COUNTY OF MONROE, et al.,

       Defendants.
_____/

## ORDER GRANTING APPLICATION TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF FEES OR COSTS (DKT. 59)

      This matter is presently before the Court on Plaintiff's motion to proceed without prepayment of fees or costs on appeal (Dkt. 59). On May 29, 2014, the Court entered an Order requiring Plaintiff to supplement his motion with a completed affidavit that complies with the requirements set forth in Federal Rule of Appellate Procedure 24(a)(1). Order (Dkt. 64). The Order required Plaintiff to submit the required affidavit on or before June 11, 2014. Id. Plaintiff timely submitted the completed affidavit (Dkt. 65).

      Federal Rule of Appellate Procedure 24(a)(1) provides:

(1) <u>Motion in the District Court</u>. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

    (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

    (B) claims an entitlement to redress; and

    (C) states the issues that the party intends to present on appeal.

1

"If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2). "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization" unless the district court concludes the party is not entitled to proceed in forma pauperis. Fed. R. App. P. 24(a)(3). The Sixth Circuit has explained:

> After this required [affidavit] has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal. If the district court determines that the individual is not a pauper, that the appeal is not taken in good faith, or that the individual is not otherwise entitled to pauper status, see Fed. R. App. P. 24(a)(4), the district court must state its decision in writing, see Fed. R. App. P. 24(a)(2), and then immediately notify the parties of its decision. See Fed. R. App. P. 24(a)(4).

Callihan v. Schneider, 178 F.3d 800, 803 (6th Cir. 1999).

As an initial matter, Plaintiff did not seek leave to proceed in forma pauperis in the district-court action, so Rule 24(a)(3) is inapplicable. See Docket Entry 4/2/12 (noting that the full filing fee was received). The Court, therefore, turns to a determination of Plaintiff's pauper status and the good-faith basis for his appeal.

In his affidavit, Plaintiff certifies that his total monthly income is $905.50 from disability payments and welfare, that he has been unemployed for the past two years, that he has no money in bank accounts, that he is unmarried, and that he has monthly living expenses totaling $900.00. Aff. at 5-8 (Dkt. 65). He further certifies that he has mental and physical disabilities and that he presently resides in an adult foster care home. Id. at 9. The Court has carefully reviewed the affidavit and concludes that Plaintiff is indigent such that prepayment of the appellate filing fee would constitute a financial hardship.

The Court next must determine whether Plaintiff's appeal is taken in good faith. See

Callihan, 178 F.3d at 803. "'Good faith' requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits." Rodriguez v. McKee, No. 11-14903, 2014 WL 2199625, at *13 (E.D. Mich. May 27, 2014) (citing Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002)). In the section of the affidavit regarding issues to be raised on appeal, Plaintiff asserts that while he was incarcerated, he was kicked in the head, incurred frostbite after his mattress was removed, and was refused medical treatment for eight hours after he was assaulted by other inmates. Aff. at 4. In the Court's analysis of the summary judgment briefing, the Court noted that the record indicates Plaintiff was involved in a fight with other inmates, after which he incurred a broken rib and pneumothorax. Opinion at 14-15 (Dkt. 56). Although the Court granted summary judgment in favor of Defendants, the Court concludes that Plaintiff's allegations of serious bodily harm are not frivolous. Accordingly, Plaintiff's appeal is taken in good faith.

Because Plaintiff is indigent and because his appeal is taken in good faith, the Court grants the application to proceed in forma pauperis on appeal. Plaintiff may "proceed on appeal without prepaying or giving security for fees and costs." Fed. R. App. P. 24(a)(2).

SO ORDERED.

Dated: June 18, 2014  
    Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2014.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager